UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHEILA K. STUPPY,<br><br>         Plaintiff(s),<br><br>  v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>         Defendant(s). | Case No. 2:16-CV-2954 JCM (PAL)<br><br>ORDER |

  Presently before the court is defendant Wells Fargo Bank N.A.'s motion to dismiss plaintiff's complaint. (ECF No. 10). Plaintiff has failed to file a timely response to this motion.

  The local rules have the force of law. *See United States v. Hvass*, 355 U.S. 570, 574–575 (1958). Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." The Ninth Circuit instructs that a district court must weigh several factors before granting a motion filed pursuant to Federal Rule of Civil Procedure 12 because a party failed to comply with a local rule: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (discussing a Nevada local rule construing a failure to oppose a motion as effectively consenting to the granting of that motion); *see also Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003) (indicating that *Ghazali* provides the applicable rule for evaluating a Rule 12 motion to dismiss in light of a local rule authorizing dismissal).

**James C. Mahan**
**U.S. District Judge**

1     This court finds that granting defendant's motion to dismiss would protect the public's interest in the expeditious resolution of litigation. *See Ghazali*, 46 F.3d at 53. This court also finds that granting defendant's motion to dismiss would permit the court to effectively manage its docket. *See id*. Additionally, defendant would be prejudiced if the court did not rule on the present motion because it would be forced to wait for plaintiff—who initiated this case—to resolve the present action. *See id.*

    This court acknowledges the public policy favoring the disposition of cases on their merits. *See id.* However, dismissal is an appropriate sanction in this circumstance because several months have elapsed since the expiration of plaintiff's response deadline, and plaintiff has yet to file an opposition to defendant's motion to dismiss. Indeed, "pro se litigants are bound by the rules of procedure." *Id.* at 54.

    Weighing the *Henderson* factors, this court finds that defendant's motion to dismiss will be granted pursuant to Local Rule 7-2(d). *See id.* at 53.

    Accordingly,

    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Wells Fargo Bank N.A.'s motion to dismiss (ECF No. 10) be, and the same hereby is, GRANTED.

    The clerk shall enter judgment accordingly and close the case.

    DATED June 14, 2017.

                                                /s/ James C. Mahan
                                           UNITED STATES DISTRICT JUDGE